**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MISTY PRUDENCIO, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-07-0716-HE |
| ) | |
| CHENEGA INTEGRATED ) | |
| SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Misty Prudencio has sued her former employer, Chenega Integrated Systems, LLC ('Chenega"), asserting claims under the Fair Labor Standards Act ("FLSA"). Chenaga has filed a motion for summary judgment contending the plaintiff is judicially estopped from proceeding with this action because she failed to amend her Chapter 13 bankruptcy papers to disclose the existence of the claims in this case.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Viewing the evidence and any reasonable inferences that might be drawn from it in the light most favorable to the plaintiff, the nonmoving party, <u>Davidson v. America Online, Inc.</u>, 337 F.3d 1179, 1182 (10th Cir 2003), the court concludes the defendant's motion should be denied.

### Background

The pertinent facts are essentially undisputed. The plaintiff and her husband, represented by attorney H. Allen Johnson, filed a voluntary petition for Chapter 13

bankruptcy on June 17, 2005. The bankruptcy court entered an order confirming the Chapter 13 plan on September 23, 2005. The confirmation order stated that the plan was expected to last five years.[1] There have been subsequent filings in the case, the most recent being a court order dated July 10, 2008, directing the plaintiff's employer to remit a certain portion of the plaintiff's paychecks to the bankruptcy trustee.

The plaintiff started working for Chenega on September 10, 2005, and was discharged on September 22, 2006. She filed this lawsuit on June 27, 2007, alleging violations of Title VII. On October 2, 2007, she amended her complaint, substituting FLSA claims for her Title VII claims. John Mac Hayes represents the plaintiff in this case. He asserts he learned of the bankruptcy proceeding during the plaintiff's July 3, 2008, deposition and promptly notified the Chapter 13 trustee of this action.

## Analysis

Defendant's motion for summary judgment is wholly predicated on the doctrine of judicial estoppel. That doctrine "'protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" Eastman v. Union Pacific R.R. Co., 493 F.3d 1151, 1156 (10th Cir. 2007) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)). The Tenth Circuit applied the equitable doctrine in Eastman to bar a plaintiff from pursuing his personal injury claims

---

[1] *Although the defendant referred to the plan as its Exhibit 5, it did not attach the plan to its motion for summary judgment. The defendant did submit the docket sheet from the plaintiff's bankruptcy proceeding and the court has taken judicial notice of the plan. See Fed.R.Evid. 201.*

because he failed to disclose his pending lawsuit in a subsequently filed bankruptcy petition.[2]

Chenega asserts that a debtor has a continuing obligation to disclose a potential or pending claim to the bankruptcy court. The defendant argues that the plaintiff, by failing to amend her bankruptcy petition to disclose her claims in this action, has taken inconsistent positions and cannot contend her failure was inadvertent or mistaken.  The defendant contends the attorney lien notation on both the complaint and amended complaint indicate the plaintiff's awareness of the impact of her bankruptcy on this case.  The plaintiff responds that material fact questions as to her intent preclude summary judgment.  She asserts that she initiated this lawsuit after both the filing and confirmation of her Chapter 13 plan and that different counsel represent her in the two matters.[3]

The court has considerable doubt whether judicial estoppel is even theoretically

---

[2]*"[T]hree factors typically inform the decision whether to apply the doctrine in a particular case," <u>Eastman</u>, 493 F.3d at 1156 (internal quotation omitted):*
*(1) The party against whom judicial estoppel is to be invoked seeks to rely on a position that is clearly inconsistent with its earlier position;*
*(2) The party has succeeded in persuading a court to accept its earlier position, such that judicial acceptance of an inconsistent position would create the impression that either the first or the second court was misled; and*
*(3) The party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.*
<u>Autos, Inc. v. Gowin</u>, *2007 WL 2269443, at \*4 (10th Cir. Aug. 9, 2007) (unpublished) (quoting* <u>Johnson v. Lindon City Corp.</u>, *405 F.3d 1065, 1069 (10th Cir. 2005)).*

[3]*The plaintiff also argues that the defendant is not affected by the nondisclosure, as it would have to pay for any FLSA violations regardless of whether Ms. Prudencio or the trustee pursues the claims.  While she is correct that the nondisclosure has minimal, if any, impact on the defendant, the plaintiff ignores its potential effect on the bankruptcy estate.  See* <u>Eastman</u>, *493 F.3d at 1158 (noting First Circuit's conclusion in* <u>Payless Wholesale Distrib., Ind. v. Alberto Culver (P.R.) Inc.</u>, *989 F.2d 570, 571 (1st Cir. 1993) that while "'defendants may have a windfall .... [the failure to disclose] is an unacceptable abuse of judicial proceedings.'") (internal quotation omitted).*

available in this case. Defendant asserts, in largely conclusory fashion, that plaintiff had a continuing duty to amend her bankruptcy schedules and, in at least some circumstances, that is no doubt true.[4] However, it is not obvious that the duty extends to the property involved here — a Title VII or FLSA claim arising some fifteen months after the Chapter 13 petition was filed and several months after the plan was confirmed.[5] The claims asserted here may or may not have constituted property of the estate sufficient to trigger a disclosure obligation. Absent a duty to supplement her schedules, it unclear what possible basis could exist for invoking judicial estoppel. However, given the minimal or non-existent discussion of these issues by the parties, the court declines to attempt to resolve the present motion on this basis. Rather, as ample grounds exist for denying summary judgment even apart from the question of a duty to amend/disclose, the court relies now on those grounds and defers determination of the legal issues related to a duty to disclose to a later date, if necessary.

The facts of this case are readily distinguishable from the Tenth Circuit decisions cited by the defendant, precluding the court from determining that "the only reasonable inference to be drawn from the evidence" is that the plaintiff knew of her claim "and simply did not disclose it to the bankruptcy court ...." Eastman, 493 F.3d at 1159. The plaintiff in Eastman filed his personal injury lawsuit before he filed his bankruptcy petition. Although he listed

---

[4]See Bankruptcy Rule 1007(h).

[5]See *In re Batten*, 351 B.R. 256, 259 (Bankr. S.D.Ga. 2006) ("*As a result, a debtor is under no obligation to disclose the post confirmation acquired asset unless the property is of the type covered by F.R.B.P. 1007(h), which pursuant to Section 541(a)(5) only includes those interests that the debtor acquires within the 180 days of filing the petition that are the result of inheritance, property settlement with the debtor's spouse, or life insurance proceeds ....*").

two collection suits on his statement of financial affairs, "[c]onspicuously absent from the list" was his pending personal injury lawsuit. *Id.* at 1153. When specifically asked by the trustee "whether he had a personal injury suit pending, he unequivocally responded 'no.'" *Id.* at 1158. The appellate court "[thought] it inconceivable that [the plaintiff/debtor], at the time he filed for bankruptcy, did not understand he had a personal injury action pending for nine months prior from which he stood to benefit financially." *Id.* at 1159.

In <u>Autos, Inc. v. Gowin</u>, 2007 WL 2269443 (10th Cir. Aug. 9, 2007) (unpublished)[6] the Tenth Circuit again found that a debtor had "actively deceived her creditors and misled the bankruptcy court about the scope of the estate." *Id.* at *5. Although the plan in <u>Autos</u> was confirmed eight months before the plaintiff filed her civil action, the plaintiff was aware of her claims before plan confirmation.[7] *See also* <u>Ardese v. DCT, Inc.</u>, 2008 WL 2216965, at *4 (10th Cir. May 29, 2008) (unpublished) ("On these facts, a reasonable jury considering the above evidence could not find that Ms. Ardese was unaware that she had a claim against DCT prior to the termination of her bankruptcy case").

Here, however, the plaintiff's claims did not even arise until after her Chapter 13 plan was confirmed. The Tenth Circuit noted in <u>Autos</u> that the plaintiff's nondisclosure in that case "might have been mitigated by evidence that she discovered her claims against Autos

---

[6]<u>Autos</u> and other unpublished decisions are cited for persuasive value only under 10th Cir. R. 32.1

[7]The district court found the plaintiff had discovered her claims before plan confirmation. The Tenth Circuit noted the plaintiff had not challenged that conclusion on appeal. <u>Autos</u>, 2007 WL 2269443, at *5.

after plan confirmation ...." Autos, 2007 WL 2269443, at *5.  The defendant claims the attorney lien notation on both the complaint and amended complaint indicate the plaintiff's awareness of the impact of her bankruptcy on this case.  The notation is a common method used by attorneys to perfect their liens.  See 5 Okla. Stat. § 6.  As such it has little probative value in determining the plaintiff's knowledge or intent.  The facts plainly permit an inference that plaintiff inadvertently failed to disclose her after-acquired claims, even assuming she had a duty to do so.

In these circumstances there is, at the very least, a factual question as to plaintiff's intent in not amending her schedules which precludes summary judgment based on judicial estoppel.  Accordingly, defendant's motion for summary judgment [Doc. #42] is **DENIED**.

   **IT IS SO ORDERED**.

Dated this 10th day of September, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE